**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Alexander Rodriguez,

Plaintiff,

v.

Unicity International, Inc.,

Defendant.

Case No. 2:25-cv-00754-GMN-NJK

**REPORT AND RECOMMENDATION**

Consistent with this district's local rules, this case was assigned to the early neutral evaluation ("ENE") program, and the undersigned was designated as the evaluating judge. ECF No. 24. This Court scheduled the early neutral evaluation for October 22, 2025. ECF No. 29. On October 16, 2025, Plaintiff's counsel moved to continue the ENE because "despite diligent efforts to locate and communicate with Plaintiff in preparation for the ENE, Plaintiff's counsel has been unable to establish contact to meaningfully prepare for participation in the ENE." ECF No. 36. This Court denied the motion because Plaintiff's failure to participate in his case did not constitute good cause. ECF No. 38. This Court further instructed Plaintiff's counsel to file a status report prior to the ENE indicating whether she had been able to contact her client. *Id.*

Plaintiff's counsel filed a status report stating that she was able to contact Plaintiff but that he was unavailable for the ENE on October 22, 2025, due to starting a new job. ECF No. 39. This Court noted that Plaintiff should have provided this information to his counsel much earlier but continued the ENE nonetheless as a one-time courtesy. ECF No. 41. Plaintiff failed to appear. ECF No. 41. Thus, this Court ordered him to show cause no later than October 31, 2025, as to why he should not be personally sanctioned under Local Rule 11-8(a) and (e). *Id.* Plaintiff's counsel moved to withdraw a few days later. ECF No. 42. Magistrate Judge Koppe granted the request. ECF No. 46.

//

//

In early December, this Court entered the following minute order:

On October 24, 2025, this Court entered an order for Plaintiff to show cause why he should not be sanctioned for failing to appear at the Early Neutral Evaluation scheduled for October 24, 2025. ECF No. 41. Plaintiff was ordered to show cause no later than October 31, 2025. *Id.* Plaintiff has not complied with the order. This is the second court order Plaintiff has disregarded. Plaintiff will be given one last chance and allowed to show cause why he should not be sanctioned no later than December 19, 2025. Failure to comply with this order may result in a recommendation that the case be dismissed. *See* Local Rule IA 11-8.

ECF No. 47. Plaintiff did not file a response or move for an extension of time to do so. As a result, this Court recommends that this case be dismissed without prejudice and closed.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); s*ee also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because Plaintiff has failed to show cause or otherwise participate in litigating this action, despite two court orders to do so, the only alternative is to enter a third order directing Plaintiff to show cause and participate in his case. The circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that he did not receive the Court's orders. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

**IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED** for failure to show cause by the court-ordered deadlines**.**

### <u>NOTICE</u>

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 8, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE